[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY
Petitioner, a sentenced prisoner, filed this amended petition for writ of habeas corpus alleging that he was improperly classified as a Security Risk Group Safety Threat Member following the receipt of a disciplinary report. In this petition, the petitioner has alleged that procedural failures occurred during his disciplinary process as follows:
1. Petitioner was denied his right to present witnesses.
 2. Petitioner was denied his right to be present at the hearing. (This claim was raised at trial.)
 3. Petitioner lost ninety days of earned good time without due process of law.
 4. Petitioner, as a result of his classification, was rendered ineligible to receive statutory good time credits while being so designated.
The respondent filed a return denying petitioner's allegation CT Page 804 that his constitutional rights were violated. Respondent claims that the petitioner has been afforded all of the constitutional safeguards to which he is entitled. The matter was tried to the court on December 17, 1999.
 II FACTS
The petitioner is a sentenced prisoner confined to the custody of the Commissioner of Correction pursuant to the following:
A. Mittimus issued on February 28, 1992 in Docket No. CR91-42582 by the Superior Court, Bridgeport, sentencing petitioner to thirty years for violation of Connecticut General Statutes § 53a-54c, two counts.
B. Mittimus issued on February 28, 1992, in Docket No. CR91-61710 by the Superior Court, Bridgeport, sentencing petitioner to five years for violation of Connecticut General Statutes § 53a-60.
C. Mittimus issued on February 28, 1992, in Docket No. CR91-62210 by the Superior Court, Bridgeport, sentencing petitioner to five years for violation of Connecticut General Statutes § 53a-174a.
D. Mittimus issued on February 28, 1992 in Docket No. CR91-69750 by the Superior Court, Bridgeport, sentencing petitioner to five years for violation of Connecticut General Statutes § 53a-69(a)(5).
E. Mittimus issued on February 28, 1992, in Docket No. CR86-007015 by the Superior Court, Bridgeport, sentencing petitioner to one year for violation of Connecticut General Statutes § 53a-32.
G. Mittimus issued on February 28, 1992, in Docket No. CR87-07813 by the Superior Court, Bridgeport, sentencing petitioner to one year for violation of Connecticut General Statutes § 53a-32.
All sentences are to run concurrently. (Plaintiff's Exhibit 1.)
On February 7, 1997, petitioner received a disciplinary report CT Page 805 for Security Risk Group Affiliation based upon confidential information which so identified him. The disciplinary report was issued to the petitioner following an ongoing investigation into gang activities. Petitioner received a copy of this disciplinary report. The report was investigated and petitioner was interviewed as part of that investigation. Petitioner was assigned an advocate and denied the allegations against him. The petitioner did not request any witnesses as part of either the hearing or the investigation. (Exhibit A.)
On February 14, 1997, a hearing was held in the petitioner's presence and in the presence of his advocate. The petitioner pled not guilty to the charge. The report indicates that the petitioner became hostile during the hearing and would neither cooperate nor answer questions that were asked. He was removed during the hearing due to his disruptive behavior. Petitioner was found guilty following the hearing. The finding of guilt was based, in part, upon reliable confidential information as well as the written report itself. Sanctions imposed upon the petitioner included fifteen days punitive segregation; fifteen days confined to quarters; thirty days loss of visits; and ninety days loss of good time. Petitioner was also designated as a Security Risk Group Safety Threat Member with the resulting inability to earn good time credits while so designated.
 III LAW
Prison officials are accorded great deference in matters of prison security. Bell v. Wolfish, 441 U.S. 520, 548,99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). The standards for due process at a prison disciplinary hearing have been set forth by the U.S. Supreme Court in Wolff v. McDonnell, 418 U.S. 539,945 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Wolff court held that due process requires at least one of the following:
 1. Written notice of the claimed violation in advance of the hearing.
 2. A written statement of the fact finder of evidence relied upon at the hearing and the reasons for the disciplinary action taken.
 3. The inmate be permitted to call witnesses and present CT Page 806 evidence in his defense when it will not be unduly hazardous to institutional safety or correctional goals.
Id., 418 U.S. 564-66; see also McKinnon v. Patterson,568 F.2d 930 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." SuperintendentMassachusetts Correction Institution at Walpole v. Hill,472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed. 356 (1985).
In the instant case, the petitioner was provided with advance written notice of his hearing, an advocate, an opportunity to call witnesses, and a written summary of the evidence relied upon at his hearing. Contrary to petitioner's testimony at trial, it is clear that the petitioner was present at the hearing and was removed due to his own conduct. The hearing officer based his findings in this matter upon evidence which clearly met the evidentiary standard required by Hill. Further, the procedural safeguards satisfy the criteria in Wolff. The fact that the advocate's report was missing from the Disciplinary Report does not change the court's opinion in this regard. The respondent provided the petitioner with all of the due process requirements set forth by the United States Supreme Court, and petitioner is, therefore not entitled to the relief which he seeks.
The Commissioner of Correction has discretion to classify prisoners to any security level, and a prisoner's challenge to his classification fails to raise any claim of statutory or constitutional dimension. Wheway v. Warden, 215 Conn. 418, 430-32
(1990). There is no constitutionally mandated liberty interest entitling a prisoner to receive a particular security classification within prison. Hewitt v. Helms, 459 U.S. 460, 468
(1983). The fact that the petitioner was classified in a particular way to which he is opposed is of no constitutional consequence. "Thus, because [Connecticut General Statutes] §18-7a (c) does not require the commissioner to award good time credits, that section cannot create a liberty interest in which the petitioner may predicate habeas corpus relief." Abed v.Commissioner of Correction, 43 Conn. App. 176, 180-81 (1996). Thus, the petitioner cannot claim that his classification as a Security Risk Group Safety Threat Member states a legally cognizable claim because he is unable to earn good time while so classified. CT Page 807
 IV CONCLUSION
For the foregoing reasons, the petition for habeas corpus relief is denied, and the petition is dismissed. Judgment may enter in favor of the respondent.
Dennis G. Eveleigh, Judge